[No. 15808. Department Two.—June 29, 1895.]

E. W. HULFORD ET AL., RESPONDENTS, *v.* A. S. NEALE, APPELLANT.

SALE OF WAREHOUSE—SEASON STORAGE—CARTAGE COLLECTED BY VENDEE FOR VENDOR.—Where, upon the sale of a warehouse, the vendee agreed to collect without charge all claims and liens that the vendor had against any property stored at the warehouse, and it appears that, under the season storage system, a larger charge was made for the first month on account of cartage or expense for hauling the goods to the warehouse, such charge, whether considered as cartage or storage, is part of the claims and liens which the vendor had against the stored goods, and which the vendee agreed to collect without charge and to pay over to the vendor.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*John H. Dickinson*, for Appellant.

*J. C. Coogan*, for Respondents.

McFARLAND, J.—This action was brought to recover certain moneys alleged to have been collected and received by defendant from divers persons for and on account of plaintiffs. Judgment was rendered for plaintiffs in the sum of $2,038.95. Defendant appeals from the judgment and from an order denying a motion for a new trial.

The plaintiffs were conducting a warehouse business, and in February, 1893, they agreed to sell the business, including the goodwill, leases for warehouses, office furniture, and certain other personal property used in the business, to the defendant. The transaction was completed and possession given to defendant on March 1, 1893. At that time there were large quantities of grain and general merchandise stored in the warehouses, upon which money was due to plaintiffs for storage. This grain and merchandise had been taken by plaintiffs under the system called "season storage;" that is, a certain sum per ton was charged for the first month's storage, and a smaller sum for succeeding months, until a certain amount agreed upon had accrued, after which there was no further charge until the end of the "season," which was the first day of the following June, and the owner of the property stored had the right to allow it to remain in the warehouse until said 1st of June. For instance, if the owner was to pay fifty cents per ton for the first month, and twenty-five cents for the succeeding months, until the whole should amount to $1.50 per ton; then, after the expiration of five months, he could have his property remain in the warehouse until June 1st following, without further charge.

At the time defendant took possession, on March 1st, the storage on the property which had been stored with plaintiffs was due, and they had a lien upon it for said storage; and, in the written contract between the parties, it was agreed as follows: "Said party of the second part [defendant] does also hereby agree that he will collect, without making any charge therefor, all claims and liens that the said parties of the first part [plaintiffs] have or hold against any property now stored at said warehouses, and deliver the amount so collected to them from time to time, promptly, upon the collection thereof, said claims and liens in all cases to be collected before the delivery of said property to the owners thereof." The court found that of these claims and liens defendant did collect the sum of $4,053.74, and that he had paid plaintiffs $1,588.90, and no more; and these findings are clearly supported by the evidence. Under these findings the plaintiffs would have been entitled to judgment for $2,464.84; but the court also found that said grain and merchandise remained for a time, and "occupied certain space in said warehouses, and was taken care of by defendant, and he performed work in delivering the same," and for this defendant was allowed $426.19, which reduced the amount of the judgment to $2,038.65. The correctness of this last finding need not be inquired into, as it was to defendant's advantage.

The main contention of appellant is directed to the point that certain charges for "cartage" were erroneously allowed respondents. It seems that, under the season storage system, the larger charge is made for the first month on account of the cartage or expense of hauling the goods to the warehouse. Upon this subject there was some testimony which was not very clear and calculations somewhat difficult to follow; but it appears that the cartage was merely represented in the charge for storage for the first month, and that no separate charge was made for it. Therefore, no matter how it be considered, whether charged *as* cartage or as storage, it was part of the "claims and liens" which respondents

had against the stored goods, and which appellant had
agreed "to collect without making any charge therefor,"
and to pay over promptly to respondents.  The contract
clearly contemplates that the goods were to remain in
the warehouses at least for a reasonable time, and that
appellant was to collect the amounts due respondents
"before the delivery of said property to the owners
thereof."  Having collected moneys which included the
cartage, there is no reason why he should not have paid
them to respondents.

We are unable to see any error in the record—at least,
as against appellant.

The judgment and order appealed from are affirmed.

HENSHAW, J., concurred.

TEMPLE, J., concurring.—I concur in the judgment,
but I do not understand the controversy exactly as it is
stated by Mr. Justice McFarland.  The court practically
divided the storage money between the parties in pro-
portion to the time the goods remained in storage before
or after the assignment, without reference to the amount
earned, computed by the warehouse custom.  For in-
stance, if the goods had been stored five months when
the assignment was made, and, therefore, the full amount
for storage had accrued, still, if after the assignment
they had remained two months longer, and no further
charge could be made for such additional time, the court
gave to plaintiffs only five-sevenths of the amount, and
to the defendant two-sevenths, after deducting cost of
cartage, which is included in the charge for the first
month.  Defendant contends that he would be entitled,
in the supposed case, to two-sevenths of the whole
amount, since all is charged as storage.  I think in this
view the court properly deducted the charge for cartage
before computing defendant's pro rata charge.  I there-
fore concur in the judgment.